UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHOMA

IN RE:  SANCTUARY EVANGELISTIC           )
        CHURCH, INC.                     )  CASE NO. <u>12-12616-M</u>
                                         )  CHAPTER 11
                 DEBTOR,                 )

## MOTION FOR RELIEF FROM AUTOMATIC STAY AND FOR ABANDONMENT AND NOTICE OF OPPORTUNITY FOR HEARING

BOKF, N.A., Successor by Merger to BANK OF OKLAHOMA, N.A., an Oklahoma Banking Corporation ("BANK"), a secured Creditor in the above-captioned proceeding, hereby files its MOTION FOR RELIEF FROM AUTOMATIC STAY AND FOR ABANDONMENT. In support of this Motion, BANK respectfully shows the court as follows;

1. This is a proceeding under Bankruptcy Rules 4001, 6007, and 9014, seeking relief under 11 U.S.C. §362 (d) and 554 (b). The Court has jurisdiction over this proceeding under 28 U.S.C. §157.

2. On or about June 27, 2010, the above named Debtor, made, executed and delivered to BANK, its Renewal Commercial Promissory Note for the sum of $263,498.59 plus interest; a copy is attached hereto.

3. As part and parcel of transaction, for the purpose of securing the payment of the original indebtedness, Debtor made, executed and delivered to said Creditor its Mortgage, further attached hereto on which they granted a mortgage in the following:

> LOTS ONE (1), TWO (2), THREE (3), FOUR (4), FIVE (5), AND SIX (6), IN BLOCK EIGHT (8), CENTRAL PARK PLACE, AN ADDITION TO THE CITY OF TULSA, TULSA COUNTY, STATE OF OKLAHOMA, ACCORDING TO THE RECORDED PLAT 24.
> ADDRESS: 1228 E. 5TH STREET, TULSA, OK 74101

Bank perfected its Mortgage in the above-described collateral by recording same in the Tulsa County Clerk's office on December 19, 1997 as shown thereon. A Modification of Mortgage was therein recorded on 01-04-2002 in Book 6667 Page 114, a copy attached hereto;

4. BANK'S Mortgage constitutes a properly perfected lien on the above described property.

5. Said Debtor is in default upon its obligations to BANK. BANK sued and filed a FINAL JUDGMENT AND DECREE OF FORECLOSURE, a copy attached hereto, on August 2, 2012, in the District Court of Tulsa County Oklahoma. Debtor filed the instant Bankruptcy a day before the court-ordered Sheriff's Sale of the subject property. The payoff owing on said judgment as of 09-24-2012, is the total amount of $240,867.35 principal, $19,919.88 interest, $2,000.00 judgment attorney fees; $1,400.30 Court costs, $125.00 foreclosure costs. Interest is variable at BOKF Index plus 1.75%. Note is past due for May 27, 2011, and arrearage is $56,176.00.

6. Cause exists for the termination of the Automatic Stay as said Note and Mortgage are in severe monetary and constant default, and BANK's interest is not being adeqately protected. Note payments to BANK are past due for May 27, 2011, aforesaid. That pursuant to 11 U.S.C. §101 (51B), BANK's claim is secured bya an interest in single asset real estate which is defined as real property constituting a single property or project (church project in the instant case at bar), other than residential units, which generates substantially all of the gross income of the Debtor who is not a family farmer and on which no substantial business is being conducted by Debtor other than the business of operating the real property activities incidental thererof. Based on testimony at First Meeting of Creditors, Debtor's business at principal address of 1225 E. 5th Street, Tulsa, OK, is basicallly worship services and vast majority of income is from contributions. That further pursuant to 11 U.S.C. §362(d) (3) (A) (B) within said time period as applicable, BANK is entitled to and requests Debtor to file a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time or Debtor has commenced monthly

payments equal to interest at non-default contract rate of interest on the value of the Creditor's interest in the subject real estate.

7. As a result of the above, BANK further requests the Debtor in possession, or Trustee, if appointed, to abandon the subject real property.

8. Notice of this Motion for Relief from Automatic Stay and for Abandonment will be mailed to parties-in-interest as required by Bankruptcy Rules 4001, 6007, and 9014, and 11 U.S.C. §362 (d) and 554 (b).

## NOTICE OF OPPORTUNITY FOR HEARING

YOUR RIGHTS MAY BE AFFECTED. YOU SHOULD READ THIS DOCUMENT CAREFULLY AND CONSULT YOUR ATTORNEY ABOUT YOUR RIGHTS AND THE EFFECT OF THIS DOCUMENT. IF YOU DO NOT WANT THE COURT TO GRANT THE REQUESTED RELIEF, OR YOU WISH TO HAVE YOUR VIEWS CONSIDERED, YOU MUST FILE A WRITTEN RESPONSE OR OBJECTION TO THE REQUESTED RELIEF WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA, 224 SOUTH BOULDER, TULSA, OKLAHOMA 74103 NO LATER THAN 14 DAYS FROM THE DATE OF FILING OF THIS REQUEST FOR RELIEF. YOU SHOULD ALSO MAIL A FILE-STAMPED COPY OF YOUR RESPONSE OR OBJECTION TO THE UNDERSIGNED MOVANT/MOVANT'S ATTORNEY [AND OTHERS WHO ARE REQUIRED TO BE SERVED] AND FILE A CERTIFICATE OF SERVICE WITH THE COURT. IF NO RESPONSE OR OBJECTION IS TIMELY FILED, THE COURT MAY GRANT THE REQUESTED RELIEF WITHOUT A HEARING OR FURTHER NOTICE. THE 14-DAY PERIOD INCLUDES THE 3 DAYS ALLOWED FOR MAILING PROVIDED FOR IN RULE 9006(f) FED. R. BANKR. PROC.

WHEREFORE, BANK requests this Court determine that proper notice has been given of the Motion and that the Court modify the Automatic Stay of 11 U.S.C. §362 (a) as to BANK and the property described, permitting BANK to enforce its rights under the terms and conditions of its collateral documents executed by the Debtor and to permit BANK to continue with all proceedings in its foreclosure action in Case No. CJ-2011-7572, District Court of Tulsa County, State of Oklahoma, filed 12-20-2011, to be lawful from its inception and to Judgment filed 08-02-2012, and to issued Special Execution and Order of Sale, and to further permit BANK at its election, to apply the proceeds of any sale of said collateral to reduce its claim against the estate and the debtor herein, pursuant to 11 U.S.C. §362 (d). BANK further requests that the Debtor in possession or the Trustee abandon any right, title or interest the debtors of the estate may claim in and to the collateral described on the documents, on the grounds set forth above and pursuant to 11 U.S.C. §554; and grant relief requested herein upon submission of an Order to the Court by BANK in the event no objections are filed and no hearing is set within the time provided by the Notice of Motion for Relief From Automatic Stay and for Abandonment and for such other and further relief as the Court may deem just and equitable.

BOKF, N.A., Successor by Merger
to BANK OF OKLAHOMA, N.A.

S/KentRenfrow
KENT E. RENFROW   OBA 7504
Attorney for BANK
8906 E. Skelly Drive
Tulsa, OK  74129-3403
Tele: (918) 665-7725
Fax: (918) 665-7726

## CERTIFICATE OF SERVICE

I, KENT E. RENFROW, hereby certify that I served a true and correct filed copy of the above and foregoing instrument by electronic mailing to JERRY L. GUNTER, attorney for Debtor, Office of the United States Trustee; and to all attorneys on the electronic mailing list; and by First Class regular mailing to:

SANCTUARY EVANGELISTIC CHURCH INC.
P.O. BOX 737
TULSA OK  74101

and to all other parties on the Case Mailing Matrix not on the electronic filing list, a copy attached hereto, on the 18th day of December, 2012.

*S/Kent E. Renfrow*
KENT E. RENFROW OBA 7504

Label Matrix for local noticing
1085-4
Case 12-12616-M
Northern District of Oklahoma
Tulsa
Sat Dec 15 15:48:05 CST 2012

Airvantage
4724 S. Detroit Ave
Tulsa, OK 74105-4424

American Heritage Bank
PO Box 419
Beggs, OK 74421-0419

American Heritage Bank
c/o Sam T. Allen, IV
PO Box 230
Sapulpa, Ok 74067-0230

BOKF NA
PO Box 35688
Tulsa, OK 74153-0688

BOKF, N.A. c/o kent E. Renfrow, Atty
8906 E. skelly Dr
Tulsa, Ok 74129-3400

CHIEF OFC OF SPEC LITIGATION
US Dept of Justice-Tax Div
P.O. Box 7238
Washington, DC 20044-7238

Jerry L. Gunter
Winters, King & Associates
2448 East 81st Street, Suite 5900
Tulsa, OK 74137-4259

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Kent Renfrow
8906 East Skelly Drive
Tulsa, OK 74129-3400

McDaniel Acord, PLLC
320 S. Boston, Ste. 700
Tulsa, OK 74103-3716

Terrence L. Michael
224 South Boulder Ave
Tulsa, OK 74103-3006

Office of the United States Trustee
224 South Boulder Avenue
Suite 225
Tulsa, OK 74103-3026

Okla Empl. Sec. Comm.
P.O. Box 53039
Oklahoma City, OK 73152-3039

Oklahoma Empl. Sec. Comm.
PO Box 53039
Oklahoma City, OK 73152-3039

Oklahoma Natural Gas
PO Box 21019
Tulsa, Ok 74121-1019

Oklahoma Tax Commission
120 N. Robinson - Suite 2000W
Oklahoma City, OK 73102-7801

Shanann Passley
Eller and Detrich
2727 E. 21st Street, Suite 200
Tulsa, OK 74114-3533

Kent E. Renfrow
8906 East Skelly Drive
Tulsa, OK 74129-3400

S & J. Contractors, Inc.
309  N. Hickory Ave.
Tulsa, OK

Sanctuary Evangelistic Church, Inc.
PO Box 1737
Tulsa, OK 74101-1737

Second Image, Inc.
1867 N 105th E Ave
Tulsa, OK 74116-1513

Tulsa County Treasurer
500 S. Denver
Tulsa, OK 74103-3840

U.S. Attorney
110 West Seventh Street
Suite 300
Tulsa, OK 74119-1013

US SEC & EXCHANGE COMM.
Midwest Regional Office
175 W. Jackson Boulevard, Ste 900
Chicago, IL 60604-2815

US Security & Exchange Comm.
175 W. Jackson Boulevard
Suite 900
Chicago, IL 60604-2908

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)BOKF, N.A.<br>C/O KENT E. RENFROW, | (u)Indian Health Care Resource Center of Tuls | End of Label Matrix<br>Mailable recipients   25<br>Bypassed recipients    2<br>Total                 27 |

[redacted]

# PROMISSORY NOTE

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|
| $263,498.59 | 06-27-2010 | 06-27-2013 | [redacted]0101 | 101 - SOK | | 478 | |

References in the boxes above are for Lender's use only and do not limit the applicability of this document to any particular loan or item.
Any item above containing "****" has been omitted due to text length limitations.

**Borrower:** Sanctuary Evangelistic Church Inc. [redacted]
[redacted]
1228 E. 5th St.
Tulsa, OK 74120

**Lender:** Bank of Oklahoma, N.A.
P.O. Box 2300
Tulsa, OK 74192

**Principal Amount: $263,498.59** **Date of Note: June 27, 2010**

**PROMISE TO PAY. Sanctuary Evangelistic Church Inc. ("Borrower") promises to pay to Bank of Oklahoma, N.A. ("Lender"), or order, in lawful money of the United States of America, the principal amount of Two Hundred Sixty-three Thousand Four Hundred Ninety-eight & 59/100 Dollars ($263,498.59), together with interest on the unpaid principal balance from June 27, 2010, until paid in full.**

PAYMENT. **Subject to any payment changes resulting from changes in the Index, Borrower will pay this loan in 35 regular payments of $3,511.00 each and one irregular last payment estimated at $179,522.56. Borrower's first payment is due July 27, 2010, and all subsequent payments are due on the same day of each month after that. Borrower's final payment will be due on June 27, 2013, and will be for all principal and all accrued interest not yet paid. Payments include principal and interest. Unless otherwise agreed or required by applicable law, payments will be applied first to any accrued unpaid interest; then to principal; and then to any unpaid collection costs. Borrower will pay Lender at Lender's address shown above or at such other place as Lender may designate in writing.**

VARIABLE INTEREST RATE. The interest rate on this Note is subject to change from time to time based on changes in an index which is the BOKF National Prime Rate, described as the rate of interest set by BOK Financial Corporation, in its sole discretion, on a daily basis as published by BOK Financial Corporation ("BOKF") from time to time (the "Index"). The Index is not necessarily the lowest rate charged by Lender on its loans and is set by Lender in its sole discretion. If the Index becomes unavailable during the term of this loan, Lender may designate a substitute index after notifying Borrower. Lender will tell Borrower the current Index rate upon Borrower's request. The interest rate change will not occur more often than each day. Borrower understands that Lender may make loans based on other rates as well. **The Index currently is 4.000% per annum.** Interest on the unpaid principal balance of this Note will be calculated as described in the "INTEREST CALCULATION METHOD" paragraph using a rate of 1.750 percentage points over the Index, adjusted if necessary for any minimum and maximum rate limitations described below, resulting in an initial rate of 5.750% per annum based on a year of 360 days. NOTICE: Under no circumstances will the interest rate on this Note be less than 5.750% per annum or more than the maximum rate allowed by applicable law. Whenever increases occur in the interest rate, Lender, at its option, may do one or more of the following: (A) increase Borrower's payments to ensure Borrower's loan will pay off by its original final maturity date, (B) increase Borrower's payments to cover accruing interest, (C) increase the number of Borrower's payments, and (D) continue Borrower's payments at the same amount and increase Borrower's final payment.

INTEREST CALCULATION METHOD. **Interest on this Note is computed on a 365/360 basis; that is, by applying the ratio of the interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. All interest payable under this Note is computed using this method.**

PREPAYMENT. Borrower may pay without penalty all or a portion of the amount owed earlier than it is due. Early payments will not, unless agreed to by Lender in writing, relieve Borrower of Borrower's obligation to continue to make payments under the payment schedule. Rather, early payments will reduce the principal balance due and may result in Borrower's making fewer payments. Borrower agrees not to send Lender payments marked "paid in full", "without recourse", or similar language. If Borrower sends such a payment, Lender may accept it without losing any of Lender's rights under this Note, and Borrower will remain obligated to pay any further amount owed to Lender. All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to: Bank of Oklahoma, N.A., P.O. Box 248818 Oklahoma City, OK 73124-8818.

INTEREST AFTER DEFAULT. Upon default, including failure to pay upon final maturity, the interest rate on this Note shall be increased to 18.000% per annum based on a year of 360 days. However, in no event will the interest rate exceed the maximum interest rate limitations under applicable law.

DEFAULT. Each of the following shall constitute an event of default ("Event of Default") under this Note:

**Payment Default.** Borrower fails to make any payment when due under this Note.

**Other Defaults.** Borrower fails to comply with or to perform any other term, obligation, covenant or condition contained in this Note or in any of the related documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Borrower.

**Default in Favor of Third Parties.** Borrower or any Grantor defaults under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of Borrower's property or Borrower's ability to repay this Note or perform Borrower's obligations under this Note or any of the related documents.

**False Statements.** Any warranty, representation or statement made or furnished to Lender by Borrower or on Borrower's behalf, or made by Guarantor, or any other guarantor, endorser, surety, or accommodation party, under this Note or the related documents in connection with the obtaining of the loan evidenced by this Note or any security document directly or indirectly securing repayment of this Note is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

**Insolvency.** The dissolution or termination of Borrower's existence as a going business, the insolvency of Borrower, the appointment of a receiver for any part of Borrower's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower.

**Creditor or Forfeiture Proceedings.** Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Borrower or by any governmental agency against any collateral securing the loan. This includes a garnishment of any of Borrower's accounts, including deposit accounts, with Lender. However, this Event of Default shall not apply if there is a good faith dispute by Borrower as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Borrower gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute.

**Execution; Attachment.** Any execution or attachment is levied against the Collateral, and such execution or attachment is not set aside, discharged or stayed within thirty (30) days after the same is levied.

**Change in Zoning or Public Restriction.** Any change in any zoning ordinance or regulation or any other public restriction is enacted, adopted or implemented, that limits or defines the uses which may be made of the Collateral such that the present or intended use of the Collateral, as specified in the related documents, would be in violation of such zoning ordinance or regulation or public restriction, as changed.

**Default Under Other Lien Documents.** A default occurs under any other mortgage, deed of trust or security agreement covering all or any portion of the Collateral.

**Judgment.** Unless adequately covered by insurance in the opinion of Lender, the entry of a final judgment for the payment of money involving more than ten thousand dollars ($10,000.00) against Borrower and the failure by Borrower to discharge the same, or cause it to be discharged, or bonded off to Lender's satisfaction, within thirty (30) days from the date of the order, decree or process under which or pursuant to which such judgment was entered.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any Guarantor, or any other guarantor, endorser, surety, or accommodation party of any of the indebtedness or any Guarantor, or any other guarantor, endorser, surety, or accommodation party dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any guaranty of the indebtedness evidenced by this Note.

**Change In Ownership.** Any change in ownership of twenty-five percent (25%) or more of the common stock of Borrower.

**Adverse Change.** A material adverse change occurs in Borrower's financial condition, or Lender believes the prospect of payment or

performance of this Note is impaired.

Insecurity. Lender in good faith believes itself insecure.

**LENDER'S RIGHTS.** Upon default, Lender may declare the entire unpaid principal balance under this Note and all accrued unpaid interest immediately due, and then Borrower will pay that amount.

**ATTORNEYS' FEES; EXPENSES.** Lender may hire or pay someone else to help collect this Note if Borrower does not pay. Borrower will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including without limitation all attorneys' fees and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. If not prohibited by applicable law, Borrower also will pay any court costs, in addition to all other sums provided by law.

**JURY WAIVER.** Lender and Borrower hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by either Lender or Borrower against the other.

**GOVERNING LAW.** This Note will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Oklahoma without regard to its conflicts of law provisions. This Note has been accepted by Lender in the State of Oklahoma.

**CHOICE OF VENUE.** If there is a lawsuit, Borrower agrees upon Lender's request to submit to the jurisdiction of the courts of Tulsa County, State of Oklahoma.

**RIGHT OF SETOFF.** To the extent permitted by applicable law, Lender reserves a right of setoff in all Borrower's accounts with Lender (whether checking, savings, or some other account). This includes all accounts Borrower holds jointly with someone else and all accounts Borrower may open in the future. However, this does not include any IRA or Keogh accounts, or any trust accounts for which setoff would be prohibited by law. Borrower authorizes Lender, to the extent permitted by applicable law, to charge or setoff all sums owing on the indebtedness against any and all such accounts.

**FINANCIAL STATEMENTS.** Borrower agrees to provide Lender with such financial statements and other related information at such frequencies and in such detail as Lender may reasonably request.

**PAYMENTS.** PAYMENTS SHOULD BE REMITTED TO: Bank of Oklahoma, P.O. Box 248818, Oklahoma City, OK 73124-8818.

**RENEWAL STATEMENT.** This Promissory Note is an extension, renewal and/or modification of the Promissory Note dated December 27, 2008 in the principal amount of $296,070.25 from the Borrower to Lender and is not a novation or substitution and shall be deemed effective as of the date set forth as the date such Promissory Note would have matured if not otherwise renewed or extended hereby.

**SUCCESSOR INTERESTS.** The terms of this Note shall be binding upon Borrower, and upon Borrower's heirs, personal representatives, successors and assigns, and shall inure to the benefit of Lender and its successors and assigns.

**GENERAL PROVISIONS.** If any part of this Note cannot be enforced, this fact will not affect the rest of the Note. Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them. Borrower and any other person who signs, guarantees or endorses this Note, to the extent allowed by law, waive presentment, demand for payment, and notice of dishonor. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability. All such parties agree that Lender may renew or extend (repeatedly and for any length of time) this loan or release any party or guarantor or collateral; or impair, fail to realize upon or perfect Lender's security interest in the collateral; and take any other action deemed necessary by Lender without the consent of or notice to anyone. All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made. The obligations under this Note are joint and several.

PRIOR TO SIGNING THIS NOTE, BORROWER READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE, INCLUDING THE VARIABLE INTEREST RATE PROVISIONS. BORROWER AGREES TO THE TERMS OF THE NOTE.

BORROWER ACKNOWLEDGES RECEIPT OF A COMPLETED COPY OF THIS PROMISSORY NOTE.

BORROWER:

SANCTUARY EVANGELISTIC CHURCH INC.

By: _____
M.J. Carter, President of Sanctuary Evangelistic Church Inc.

By: _____
Bert Brown, Treasurer/CFO of Sanctuary Evangelistic Church Inc.

LASER PRO Lending, Ver. 5.52.20.003 Copr. Harland Financial Solutions, Inc. 1997, 2010. All Rights Reserved. - OK L:\LASERPRO\CFI\LPL\D20.FC TR-166143 PR-79

# MORTGAGE

### With Power of Sale
### (Appraisement Optional)

16.00
5.00
244.00

**A POWER OF SALE HAS BEEN GRANTED IN THIS MORTGAGE. A POWER OF SALE MAY ALLOW THE MORTGAGEE TO TAKE THE MORTGAGED PROPERTY AND SELL IT WITHOUT GOING TO COURT IN A FORECLOSURE ACTION UPON DEFAULT BY THE MORTGAGOR UNDER THIS MORTGAGE.**

KNOW ALL MEN BY THESE PRESENTS:
   THAT        Sanctuary Evangelistic Church, Inc.

hereinafter called the Mortgagor, whether one or more, in consideration of the sum of One Dollar and other valuable considerations, and for the purpose of securing the payment of the indebtedness hereinafter described and all extensions, renewals, substitutions, and changes in form thereof, together with all interest, charges and fees thereon, does by these presents grant, bargain, sell, convey, and mortgage, with Power of Sale, unto BANK OF OKLAHOMA, NA, P.O. Box 2300, Tulsa, OK. 74192-2300

hereinafter called Mortgagee, its successors and assigns forever, the following described real estate situated in Tulsa County, State of Oklahoma, to-wit:

Lots 1, 2, 3, 4, 5 and 6, in Block 8, in CENTRAL PARK PLACE ADDITION to the City of Tulsa, Tulsa County, State of Oklahoma, according to the recorded Plat No. 24.

**TREASURER'S CERTIFICATION**
**DENNIS SEMLER, Tulsa County Treasurer**
Paid 12-19-97  Real Estate Mtg Tax $ 244.00
BY: SC  Receipt No. 289986
Deputy Treasurer

Together with the buildings and improvements erected or to be erected thereon including all fixtures and all the appurtenances and all the rents, issues, and profits arising and which may be had therefrom.

TO HAVE AND TO HOLD THE SAME, together with the Power of Sale hereinafter given to and conferred upon Mortgagee, together with all the rents, issues, and profits therefrom and all and singular the tenements, hereditaments, and appurtenances thereunto belonging, or in any wise appertaining, unto the said Mortgagee, its successors and assigns forever. And the said Mortgagor, for Mortgagor and for Mortgagor's heirs, successors and assigns, does hereby covenant to and with the said Mortgagee, its successors and assigns, that at the delivery hereof the said Mortgagor is the lawful owner and in possession of the premises aforesaid and is seized of a good and indefeasible estate of inheritance therein, free and clear of all encumbrances of every nature and kind whatsoever, except those which have been previously disclosed to Mortgagee in writing; that said Mortgagor has good right and authority to convey and encumber the same; and that said Mortgagor will WARRANT AND DEFEND the same in the quiet and peaceable possession of said Mortgagee, its successors and assigns, forever, against the lawful claims and demands of all persons whomsoever.

This conveyance is intended as a mortgage and is given as security for the performance of the covenants herein and the payments to BANK OF OKLAHOMA, NA, its successors or assigns, of the principal sum of TWO HUNDRED FORTY-FOUR THOUSAND AND NO/100
_____ DOLLARS
according to the terms and conditions of the promissory note... made and executed by Mortgagor, to-wit:

A promissory note dated DECEMBER 19, 1997, in the amount of $244,000.00, with a maturity date of DECEMBER 19, 2002.

and for the payment of all extensions, renewals, substitutions and changes in form of said indebtedness (which may be made from time to time and for any term or terms, with or without notice to Mortgagor) as well as for the payment of all future advances to and other indebtedness, liabilities and obligations of the Mortgagor, or any of them if more than one, to the Mortgagee, actual, direct or contingent, now existing or hereafter arising, howsoever created, held and/or acquired by the Mortgagee, whether in the usual course of business or otherwise.

mtga.ifd 8/97

RECORD & RETURN  Carla
FIRSTITLE & ABSTRACT SERVICES, INC.
7633 EAST 61 ST. SUITE 230
TULSA, OKLA  74133

possession and control of the premises, to rent the same and to receive and collect the rents, issues and profits thereof, accrued and to accrue, under the directions of the court, without the proof required by statute, and any amounts so collected by said receiver will be applied under the direction of the court to payment of any judgment rendered or amount found due upon foreclosure of this Mortgage.

And it is further mutually covenanted and agreed that in the event of the passage, after the date of this mortgage, of any law of the State of Oklahoma, deducting from the value of the land for the purposes of taxation any liens thereon, or changing in any way the laws now in force for the taxation of mortgages or debts secured by mortgage for State or local purposes, or the manner of the collection of any such taxes, so as to affect this mortgage, the whole of the principal sum secured by this mortgage, together with the interest due thereon, shall, at the option of said Mortgagee, without notice to any party, become immediately due and payable.

Eighth:--It is further expressly agreed that Mortgagor warrants and represents to Mortgagee after thorough investigation that: (a) the premises are now and at all times hereafter will continue to be in full compliance with all federal, state and local environmental laws and regulations, including but not limited to, the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), Public Law No. 96-510, 94 Stat. 2767, 42 USC 9601 et sec., and the Superfund Amendments and Reauthorization Act of 1986 ("SARA"), Public Law NO. 99-499, 100 Stat. 1613; and (b) (i) as of the date hereof there are not hazardous materials, substances, wastes or other environmentally regulated substances (including without limitation, any materials containing asbestos) located on, in or under the premises or used in connection therewith, or (ii) Mortgagor has fully disclosed to Mortgagee in writing the existence, extent and nature of any such hazardous materials, substances, wastes or other environmentally regulated substances, which Mortgagor is legally authorized and empowered to maintain on, in or under the premises or use in connection therewith, and Mortgagor has obtained and will maintain all licenses, permits and approvals required with respect thereto, and is in full compliance with all of the terms, conditions, and requirements of such licenses, permits and approvals. Mortgagor further warrants and represents that Mortgagor will promptly notify Mortgagee of any change in the nature or extent of any hazardous materials, substances or wastes maintained on, in or under the premises or used in connection therewith, and will transmit to Mortgagee copies of any citations, orders, notices or other material governmental or other communication received with respect to any other hazardous materials, substances, wastes or other environmentally regulated substances affecting the premises.

Mortgagor and Mortgagor's successors and assigns, agrees to defend, indemnify and hold harmless Mortgagee and its directors, officers, employees, agents, contractors, subcontractors, licensees, invitees, successors and assigns, from and against any and all claims, demands, judgments, settlements, damages, actions, causes of actions, injuries, administrative orders, consent agreements and orders, liabilities, penalties, costs, including, but not limited to, any cleanup costs, and all expenses of any kind whatsoever, including claims arising out of loss of life, injury to persons, property, or business or damage to natural resources in connection with the activities or Mortgagor arising out of the actual, alleged or threatened discharge, dispersal, release, storage, treatment, generation, disposal or escape of pollutants or other toxic or hazardous substances, including any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste (including materials to be recycled, reconditioned or reclaimed); or the use, specifications, or inclusion of any product, material or process containing chemicals, the failure to detect the existence or proportion of chemicals in the soil, air, surface water or groundwater, or the performance or failure to perform the abatement of any pollution source or the replacement or removal of any soil, water, surface water, or groundwater-containing chemicals. Mortgagor and Mortgagor's successors and assigns shall bear, pay and discharge when and as the same becomes due and payable, any and all such judgments or claims for damages, penalties or otherwise against Mortgagee as described herein and shall hold Mortgagee harmless for those judgments or claims, and shall assume the burden and expense of defending all suits, administrative proceedings, and negotiations of any description with any and all persons, political subdivisions or government agencies arising out of any of the occurrences set forth herein. It is agreed that if, and as often as, the Mortgagee shall elect or be required to become involved in any action or proceeding commenced by any governmental authority with respect to storage, disposal or cleanup of any toxic or hazardous materials on the premises, Mortgagor shall pay to Mortgagee its reasonable attorneys' fees together with all court costs or disbursements relating to the premises. The obligation defined in this paragraph applies to Mortgagor's tenure of ownership related to the premises. Mortgagor's obligations hereunder shall not be limited to any extent by the term of the indebtedness secured hereby, and, as to any act or occurrence prior to payment in full and satisfaction of the indebtedness which gives rise to liability hereunder, shall continue, survive and remain in full force and effect notwithstanding payment in full and satisfaction of the indebtedness and this Mortgage or foreclosure under this Mortgage, or delivery of a deed in lieu of foreclosure.

Ninth:--In case of foreclosure hereof said Mortgagor hereby agrees to pay a reasonable attorney's fee in such foreclosure suit and all costs in connection therewith to be secured by this mortgage which shall be due and payable when suit is filed, and said Mortgagor hereby waives all rights under the homestead, exemption and stay laws of the State of Oklahoma; and appraisement of said real estate is hereby expressly waived or not waived at the option of the Mortgagee, its successors or assigns, such option to be exercised prior to or at the time judgment is rendered in any foreclosure hereof.

Tenth:--In addition to the rights afforded the Mortgagee in this mortgage with respect to foreclosures by judicial process, the Mortgagor grants to and confers upon the Mortgagee the right, authority, and power, at Mortgagee's option, to sell the Mortgaged Premises without judicial process in compliance with the Oklahoma Power of Sale Mortgage Foreclosure Act, as such Act may be amended from time to time ("Act"), upon the occurence of any event of default described in this mortgage, and following any applicable cure period.

Mortgagee may elect to exercise its Power of Sale rights granted herein, upon the occurence of an event described herein including, without limitation, failure to timely pay the indebtedness secured hereby and following any applicable cure period. Such Power of Sale rights shall be exercised in accordance with the Act. The sale of the mortgaged property will occur only after Mortgagee complies with all applicable notice provisions, and after the passage of time, prescribed in the Act. The manner of the sale (e.g., time, place and procedure), the application of the proceeds of sale, and the ability of and manner for Mortgagee to obtain a deficiency judgment against Mortgagor, are also governed by the Act.

Mortgagor understands and hereby acknowledges that the Act provides Mortgagor with certain rights and protection with regard to Mortgagee's utilization of its Power of Sale rights including, without limitation, the right to receive certain notices and to make certain elections prescribed in the Act; and in connection therewith, Mortgagor acknowledges its/his right to consult with an attorney for clarification thereof.

Eleventh:--It is further agreed that in the event any of the land hereinabove described is sought to be taken by virtue of the law of eminent domain the said Mortgagor, administrators, executors, successors or assigns will promptly notify the Mortgagee or its assigns of the institution of proceedings in eminent domain, and agrees and directs that all condemnation or purchase money which may be agreed upon or which may be found to be due, be paid to said Mortgagee or its assigns and be credited upon the balance due hereunder.

Twelfth:--As additional and collateral security for the payment of the note and the indebtedness hereinbefore described, said Mortgagor hereby assigns to said Mortgagee, its successors and assigns, all the profits, revenues, royalties, rights and benefits accruing under all oil, gas or mineral leases now on said property, or which may hereafter be placed thereon, and the lessee or assignee or sub-lessee is hereby directed on production of this mortgage or certified copy thereof, to pay said profits, revenues, royalties, rights and benefits to the said Mortgagee, its successors and assigns; this provision to become effective only upon default in the terms and conditions of this Mortgage or the note hereby secured, or, prior to such default, upon notice to the lessee in such oil, gas or mineral lease, and to terminate and become null and void upon release of this Mortgage.

Thirteenth:--This Indenture shall constitute a Security Agreement under the Uniform Commercial Code of the State of Oklahoma with respect to the premises and all other property described herein as collateral. Mortgagor will, from time to time and as often as requested by Mortgagee, execute and deliver to Mortgagee such financing statements and such other and supplemental security agreements as Mortgagee may reasonably request to perfect the security interest created, or intended to be created, hereby and to more specifically identify the collateral subject to such security interest. No failure or omission of Mortgagee to request any financing statement or additional or supplemental security agreement, and no failure or omission of Mortgagor to execute or deliver any thereof, will impair the effectiveness or priority of the security interest created by this Mortgage. Mortgagor will pay all costs of filing this Mortgage and any financing statements, continuation or termination statements with respect thereto and any affidavits or other instruments executed, or to be executed, to perfect, as the agent and attorney-in-fact of Mortgagor to do, at Mortgagee's option and Mortgagor's expense, all acts and things reasonably necessary to perfect, and continue perfected, the lien and security interest created, or intended to be created, hereby. Some of the items of the collateral described herein are goods which are or are to become fixtures related to the premises, and it is intended that, as to those goods, this Mortgage shall be effective as a financing statement filed as a fixture filing from the date of its filing for record in the real estate records of the county in which the premises are situated. Information concerning the security interest created by this instrument may be obtained from Mortgagee, as secured party, at the address of Mortgagee stated above. The mailing address of Mortgagor, as debtor, is as stated above.

mtsc.ifd 8/97                                3

STATE OF OKLAHOMA ) ss. (Oklahoma--Individual)
COUNTY OF )

The foregoing instrument was acknowledged before me this _____ day of _____,
by _____

My commission expires: _____
Notary Public
_____

STATE OF OKLAHOMA ) ss. (Oklahoma—Corporate)
COUNTY OF Tulsa )

The foregoing instrument was acknowledged before me this _19_ day of _December_ 1997

by __M.J. Carter, President__, and __Bert Brown, Treasurer / CFO__
     (name of officer)                        ( name of officer)

of __Sanctuary Evangelistic Church, Inc.__, a(n) __Oklahoma__ corporation, on behalf of the corporation.
     (name of corporation)

My commission expires: 
[Notary Seal: Notary Public Oklahoma OFFICIAL SEAL CARLA J. HALL TULSA COUNTY Comm. Exp. 11/12/2001]
__Carla J. Hall__
Notary Public

[County Clerk Tulsa County Oklahoma Seal]

STATE OF OKLAHOMA ) (Oklahoma--Partnership)
COUNTY OF )

The foregoing instrument was acknowledged before me this _____ day of _____,
by _____ and _____, general partner(s), on behalf of
_____ , a partnership.

My commission expires: _____
Notary Public
_____

STATE OF OKLAHOMA ) ss. (Oklahoma--Limited Liability Company)
COUNTY OF )

The foregoing instrument was acknowledged before me this _____ day of _____,
by _____
on behalf of _____ , a limited liability company.

My commission expires: _____
Notary Public
_____

STATE OF OKLAHOMA ) ss.
COUNTY OF )

The foregoing instrument was acknowledged before me this _____ day of _____,
by _____

My commission expires: _____
Notary Public
_____

STATE OF OKLAHOMA ) ss.
COUNTY OF )

The foregoing instrument was acknowledged before me this _____ day of _____,
by _____

My commission expires: _____
Notary Public
_____

mtge.ifd 8/97

5

9h 1-16-02

WHEN RECORDED, RETURN
Bank of Oklahoma, N.A.
Brookside Business Center
~~P.O. Box 22117~~ 2300
~~Tulsa, OK 74121-2117~~ 74102

# MODIFICATION OF MORTGAGE

*THIS MODIFICATION OF MORTGAGE* ("Modification") is dated __12/27/01__ between: Sanctuary Evangelistic Church, Inc.

(referred to below as "Mortgagor"), whose address is __1228 E. 5th St., Tulsa, OK 74101__;
and __Bank of Oklahoma, N.A. Brookside Business Center__ (referred to below as "Mortgagee") whose address is __P.O. Box 22117, Tulsa, OK 74121-2117__

MORTGAGE. Mortgagor and Mortgagee have previously entered into a mortgage dated __12/19/97__ and recorded in the County Clerk's office __Tulsa__ County, State of __OK__ in Book __5991__, Page __2401__
of and modifications of the mortgage, if any, dated and recorded as follows:

| Date | County and State of Recording | Book Number | Page Number(s) |
|------|-------------------------------|-------------|----------------|
|      |                               |             |                |

*The mortgage and any previous modifications described above are collectively referred to as the "Mortgage."*

REAL PROPERTY DESCRIPTION. The Mortgage covers the following described real property, buildings, improvements and fixtures located in __Tulsa__ County, State of __OK__ (the "Mortgaged Property"):
Lots One (1), Two (2), Three (3), Four (4), Five (5), and Six (6), in Block Eight (8), CENTRAL PARK PLACE, an Addition to the City of Tulsa, Tulsa County, State of Oklahoma, according to the Recorded Plat 24.



Treasurer's Certification
DENNIS SEMLER
Tulsa County Treasurer
Paid __1-4-02__
By __sm__
     Deputy Treasurer
Real Estate Mtg. Tax $ __165.50__
Receipt No. __54705__

Bank of Oklahoma, N.A.
BROOKSIDE BRANCH
P.O. Box 2300
Tulsa, OK 74192

The address of the Mortgaged Property is: __1228 E. 5th St., Tulsa, OK 74101__
MODIFICATION. The Mortgagor and Mortgagee agree to modify the Mortgage, in addition to any previous modifications stated above, as follows:

The purpose of this modification is to increase the amount and extend the maturity date of the mortgage. The mortgage is security for a promissory note dated December 27, 2001, in the amount of $409,510.35, with a maturity date of December 27, 2008.

CONTINUING VALIDITY. The terms of the Mortgage shall remain unchanged and in full force and effect, except as expressly modified above. Mortgagee's consent to this Modification does not waive Mortgagee's right to require strict performance of the Mortgage as modified above nor obligate Mortgagee to agree to any future modifications. Nothing in this Modification shall be construed as satisfaction of the Promissory Note or other credit agreement secured by the Mortgage (the "Note"). The indebtedness of the Mortgagor to the Mortgagee evidenced by the Note is a continuing indebtedness and the security interest created by the Mortgage is a continuing security interest. Nothing contained in this Modification shall be interpreted to mean any outstanding balance owing under the Note is paid or any security interest created by the Mortgage is released or terminated. The Mortgagee intends to retain as liable all parties to the Mortgage and all parties, makers and endorsers to the Note, unless a party is expressly released by Mortgagee in writing. If a person who signed the Mortgage does not sign this Modification, then all persons signing below acknowledge and agree that this Modification is given conditionally, based on the representation to the Mortgagee that the non-signing person consents to the changes and provisions of this Modification and will not be released by it.
EACH MORTGAGOR ACKNOWLEDGES HAVING READ ALL THE PROVISIONS OF THIS MODIFICATION OF MORTGAGE, AND EACH MORTGAGOR AGREES TO ITS TERMS.

SIGNATURE(S) AND ACKNOWLEDGMENT On Page 2 Hereof

BOK741 5/99                                                © *Furnished by: American Bank Systems*

EX. 7

170.50
15-

| MORTGAGEE NAME AND ADDRESS | MORTGAGOR(S) SIGNATURE(S) |
|---|---|
| Bank of Oklahoma, N.A.<br>Brookside Business Center<br>P.O. Box 268800<br>Oklahoma City, OK 73126-8800 | Sanctuary Evangelistic Church, Inc.<br>*M.J. Carter*<br>M.J. Carter, President<br>*Bert Brown*<br>Bert Brown, Treasurer/CFO |

**ACKNOWLEDGMENT FOR AN INDIVIDUAL ACTING IN HIS OR HER OWN RIGHT or REPRESENTING A CORPORATION, PARTNERSHIP, LLC, etc.**

STATE OF OKLAHOMA } SS.
COUNTY OF Tulsa

The foregoing instrument was acknowledged before me on this __27TH__ day of __DECEMBER, 2001__ by M.J. Carter, President    Bert Brown, Treasurer/CFO    of Sanctuary Evangelistic Church, Inc., an Oklahoma Corporation, on behalf of the Corporation.

My Commission Expires: 8/2/05

NOTARY PUBLIC

[Notary seal: MELINA MORTON, NOTARY PUBLIC IN AND FOR STATE OF OKLAHOMA, TULSA COUNTY]

BOK741  5/99                        Page 2                        Furnished by: American Bank Systems

IN AND FOR THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

DISTRICT COURT
**F I L E D**

AUG - 2 2012

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

BOKF, N.A., Successor by Merger to BANK ) 
OF OKLAHOMA, N.A., )
        PLAINTIFF, )
vs. )
               )
SANCTUARY EVANGELISTIC CHURCH, ) CASE NO. CJ-2011-7572
INC., an Oklahoma Corporation; BERT ) JUDGE KUEHN
BROWN; WILLIE BROWN; TERRYE )
TOWNES; AND REGINALD POWELL, )
        DEFENDANTS; )

## FINAL JUDGMENT AND DECREE OF FORECLOSURE

NOW on this 29th day of June, 2012, the above entitled cause comes on for decision on Plaintiff's Motion for Summary Judgment *in personam* and *in rem* against all Defendants above captioned. Pursuant to Rule 13 of Rules for District Courts and <u>Spirgis v. Circle K Store, Inc.</u>, 1987 OK CIV APP 45, 743 P.2d 682, this Court finds that there is no substantial controversy as to any material fact and Plaintiff's Motion for Summary Judgment should be sustained, and it is hereby so ordered.

The Plaintiff appears by its attorney, KENT E. RENFROW, and all Defendants appear by their Attorney, JERRY WILLIAMS.

The Court, having examined the files and records in this case, having fully considered the evidence, and being fully advised in the premises, finds:

That in regard to Plaintiff's First through Fifth Causes of Action in its Petition, by virtue of the Commercial Promissory Note and four Guaranties, copies being attached to said Petition, said Defendants, SANCTUARY EVANGELISTIC CHURCH, INC., an Oklahoma Corporation; BERT BROWN; WILLIE BROWN; TERRYE TOWNES; AND REGINALD POWELL, owe Plaintiff as

of 12-05-2011, the sum of $240,867.35 principal and $8,609.15 interest as of December 5, 2011, plus all lawfully accrued interest thereon until paid at said variable Note rate or $38.47186 per diem, or 18 % per annum default rate, if elected, until date of judgment, thereafter at same rate until paid in full, and further the sum of a reasonable attorney's fee of $2,000.00, for all costs of foreclosure, including any title and preservation costs, and for all costs of this action;

That in regard to Plaintiff's Sixth Cause of Action for Mortgage foreclosure, the Court further finds:

1.

That on the 27th day of June, 2010, the Defendant, SANCTUARY EVANGELISTIC CHURCH, INC., did execute and make to the Plaintiff its Commercial Promissory Notes for the sum of $263,498.59 together with interest;

2.

That as security for the original indebtedness the Defendant, SANCTUARY EVANGELISTIC CHURCH, INC., made, executed and delivered to Plaintiff, its mortgage duly filed on the 19th day of December, 1997, and recorded in Book 5991 Page 2401 in the office of the County Clerk of Tulsa County to the following real property in Tulsa County, Oklahoma:

LOTS ONE (1), TWO (2), THREE (3), FOUR (4), FIVE (5), AND SIX (6), IN BLOCK EIGHT (8), CENTRAL PARK PLACE, AN ADDITION TO THE CITY OF TULSA, TULSA COUNTY, STATE OF OKLAHOMA, ACCORDING TO THE RECORDED PLAT 24.
ADDRESS: 1228 E. 5TH STREET, TULSA, OK 74101

That a Modification of Mortgage was therein recorded on 01-04-2002 in Book 6667 Page 114;

3.

That default has been made under the terms of said Promissory Note and Mortgage and as modified.

4.

That the terms of the Mortgage provide that said Mortgagor is to pay reasonable attorney's fee, as provided, and costs in the event of default;

5.

That said Mortgage owned, held and sued upon by the Plaintiff, herein expressly waives appraisement or not at the option to be exercised at time judgment is rendered herein, and that Plaintiff elects to have said property sold with appraisement;

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that the Plaintiff, BOKF, N.A., Successor by Merger to BANK OF OKLAHOMA, N.A., have judgment in personam and in rem under said Commercial Promissory Note and Commercial Guaranties against the Defendants, SANCTUARY EVANGELISTIC CHURCH, INC., an Oklahoma Corporation; BERT BROWN; WILLIE BROWN; TERRYE TOWNES; AND REGINALD POWELL, and each of them, for the sum of $240,867.35 principal and $8,609.15 interest as of December 5, 2011, plus all lawfully accrued interest thereon until paid at said variable Note rate or $38.47186 per diem, or 18% per annum default rate, if elected until date of judgment, thereafter at same rate until paid in full, and further the sum of a reasonable attorney's fee of $2,000.00 for all costs of foreclosure, including any title and any preservation costs, and for all costs of this action;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT said amounts are secured by said first mortgage and constitute a good and valid first lien upon the real estate property and premises in Tulsa County, Oklahoma, described as follows:

LOTS ONE (1), TWO (2), THREE (3), FOUR (4), FIVE (5), AND SIX (6), IN BLOCK EIGHT (8), CENTRAL PARK PLACE, AN ADDITION TO THE CITY OF TULSA, TULSA COUNTY, STATE OF OKLAHOMA, ACCORDING TO THE RECORDED PLAT 24.
ADDRESS: 1228 E. 5TH STREET, TULSA, OK 74101

and that the Plaintiff's mortgage lien be and the same are hereby established and adjudged to be prior and superior to the right, title and interest of the other parties herein and all persons claiming under them since the commencement of this action.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the mortgage lien of the Plaintiff, in the amounts hereinabove found and adjudged be foreclosed in rem against all said Defendants to satisfy said judgment, interest, attorney's fees and costs, and that a special execution and order of sale shall issue out of the Office of the District Court Clerk in this Cause, directing the Sheriff to levy upon, and lawfully sell, after due legal appraisement the real estate and premises hereinabove described, and subject to unpaid ad valorem real estate taxes, if any, and pay the proceeds of said sale to the Clerk of this court, as provided for by law, for application as follows:

**FIRST:** To the payment of the costs herein accrued and accruing;

**SECOND:** To the payment of the judgment and lien of the Plaintiff, BOKF, N.A., Successor by Merger to BANK OF OKLAHOMA, N.A., in the amounts herein set out;

**THIRD:** The Balance, if any, to be paid to the Court Clerk.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that from and after the sale of said real estate as herein directed, and the confirmation of such sale by the Court, the parties to this action shall be barred and foreclosed of and from any lien upon or adverse to the right and title of the purchaser at such sale, and said Plaintiff and Defendants hereto, and all persons by, through or under them since the commencement of this action, are hereby perpetually enjoined and restrained from ever setting up or asserting any lien upon or right, title, interest or equity of redemption in or to said real estate adverse to the right and title, interest or equity of redemption in or to said real estate of the purchaser at such sale, except for unpaid Ad Valorem real estate taxes, if any, and that upon proper application by the purchaser, the said Court Clerk

shall issue a writ of assistance to the Sheriff of said County, who shall, thereupon and forthwith place the said purchaser in full and complete possession and enjoyment of the premises.

<div style="text-align:right">

MARY F. FITZGERALD
———————————————
JUDGE OF THE DISTRICT COURT  8-2-12
for DANA LYNN KUEHN

</div>

**APPROVED:**

_____
KENT E. RENFROW  OBA 7504
Attorney for Plaintiff
8906 E. Skelly Drive
Tulsa, OK 74129-3400
(918) 665-7725
Fax (918) 665-7726
Email: Keratty@aol.com

**APPROVED** (CASE NO. CJ-2011-7572)

By: _____
JERRY WILLIAMS, ESQ. OBA #9645
Attorney for the Defendants,
400 SOUTH MAIN ST. STE 500
TULSA, OK 74103
Ph (918) 720-6392
Fax (918) 343-0601
Email: jerrywilliamsattorney@gmail.com

## CERTIFICATE OF MAILING

I hereby certify that on the date of filing hereof, I mailed by First Class Mail a true and correct filed copy of the above FINAL JUDGMENT AND DECREE OF FORECLOSURE to:

JERRY WILLIAMS, ESQ.
400 SOUTH MAIN ST. STE 500
TULSA, OK 74103

_____
KENT E. RENFROW OBA 7504

I, Sally Howe Smith, Court Clerk, for Tulsa County, Oklahoma, hereby certify that the foregoing is a true, correct and full copy of the instrument herewith set out as appears on record in the Court Clerk's Office of Tulsa County, Oklahoma, this

AUG - 2 2012

By _____ Deputy