IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHOMA
TULSA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Sanctuary Evangelistic Church, Inc. | ) | No.   12-12616 |
| | ) | Chapter 11 Small Business Case |
| | ) | |
| **DEBTOR** | ) | |

<u>SANCTUARY EVANGELISTIC CHURCH, INC.'S
THIRD AMENDED PLAN OF REORGANIZATION, DATED 3/8/2013</u>

ARTICLE I
SUMMARY

    This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Sanctuary Evangelistic Church, Inc., (the "Debtor") from cash on hand and cash flow from future income.

    This plan provides for <u>  2  </u> classes of secured claims; <u>  2  </u> class of unsecured claims; Unsecured creditors holding allowed claims will receive distribution of $35,229.89.   This Plan also provides for the payment of administrative and priority claims.

    All creditors should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim.   A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holder has been circulated with this Plan.

    **Your rights may be affected.   You should read these papers carefully and discuss them with your attorney, if you have one.   (If you do not have an attorney, you may wish to consult one.)**

ARTICLE II
CLASSIFICATION OF CLAIMS AND INTERESTS

| | | |
|---|---|---|
| 2.01 | <u>Class 1.</u> | The claim of American Heritage Bank, to the extent allowed as a secured claim under § 506 of the Code. |
| 2.02 | <u>Class 2.</u> | The claim of BOKF NA, to the extent allowed as a secured claim under § 506 of the Code. |
| 2.03 | <u>Class 3.</u> | Unsecured claims. |
| 2.04 | <u>Class 4</u> | Administrative Convenience Claims. |

.

# ARTICLE III
# TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01  Unclassified Claims.  Under section § 1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.02  Administrative Expense Claims.  Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03  Priority Tax Claims.  Each holder of a priority tax claim will be paid its allowed claim in full on the effective date.

3.04  United States Trustee Fees.  All fees required to be paid by 28 U.S.C. § 1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

# ARTICLE IV
# TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01  Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
| --- | --- | --- |
| Class 1 - Secured claim of American Heritage Bank Allowed Secured Claim = $4,969.74 | Impaired | Loan to be restructured as follows, interest rate is fixed at 6.25, with all other, not inconsistent, terms of the subject note and other loan documents continuing to apply: Monthly payment $96.66 Payments begin = Pmts Begin= Effective Date Pmts End= Five years from Effective Date. Fixed interest rate = 6.25% |

| | | |
|---|---|---|
| Class 2 - Secured claim of BOKF NA<br><br>Allowed Secured Claim = <br><br>$264,312.53 | Impaired | Loan to be restructured as follows, interest rate is fixed at 5.750, with all other, not inconsistent, terms of the subject note and other loan documents continuing to apply:<br>Monthly Pmt = $2,901.34<br>Pmts Begin = Pmts Begin= Effective Date<br>Pmts End= Ten years from Effective Date.<br>Interest rate % = 5.750%<br>Treatment of Lien =<br>Retained until all obligations secured by the subject mortgage and security interest is satisfied. |
| Class 3 - Unsecured Creditors | Unimpaired | To be paid pro rata portion of $35,229.89<br>Monthly Pmt = $587.10<br>Pmts Begin    Effective Date<br>Pmts End= Five years from Effective Date.<br>Estimated percent = 100% of claims paid. |
| Class 4 - Administrative Convenience Class | Unimpaired | Claims Allowed at $3,000.00 shall be paid in full in cash on the Effective Date, but no more than $3,000.00 |

# ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

    5.01   <u>Disputed Claim</u>.  A disputed claim is a claim that has not been allowed or disallowed, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof

of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

  5.02 <u>Delay of Distribution on a Disputed Claim</u>. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

  5.03 <u>Settlement of Disputed Claims</u>. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

  6.01 <u>Assumed Executory Contracts and Unexpired Leases</u>.

  (a) The Debtor assumes the following executory contracts and/or unexpired leases effective upon the effective date of this Plan as provided in Article VII:

| Party | Description of Contract | Election |
|---|---|---|
| Delta Dental | Dental Insurance | Assumed |
| Farmers Insurance | Insurance | Assumed |
| GMP Life Insurance Co. | Life Insurance | Assumed |
| GuideOne Insurance | Umbrella and Building Insurance. | Assumed |
| Modern Woodmen of America | Life Insurahce Plicy | Assumed |
| Progressive Northern Insurance Co. | Automobile Insurance | Assumed |
| United Healthcare | Health Insurance | Assumed |

  (b) The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the Effective Date.

| Party | Description of Contract | Election |
|---|---|---|

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

 Distributions and payments under and pursuant to the Plan will be funded from the following sources: (i) the Debtor's accumulated cash, and (ii) the Debtor's post-confirmation income from future income.

# ARTICLE VIII
# GENERAL PROVISIONS

      8.01    Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

      8.02    Effective Date of Plan. The Effective Date of this Plan shall be 20 days after the date of docketing of the Order Confirming plan. If, however, an appellate stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay of the confirmation order expires or is otherwise terminated.

      8.03    Severability. If any provision of this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceabililty and operative effect on any other provision of this Plan.

      8.04    Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

      8.05    Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

      8.06    Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Oklahoma govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided for in this Plan.

      8.07    Post-Confirmation Professional Fees  Fees and expenses of professional persons employed by the Debtor or the Plan Trustee subsequent to Confirmation shall not be subject to application to and approval of the Bankruptcy Court.

# ARTICLE IX
# DISCHARGE

      9.01    Discharge. On the confirmation date of this Plan, the debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in § 114a(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind

specified in § 1141(d)(6)(B).

Dated on February 15, 2013.

Respectfully submitted,

/s/Jerry L. Gunter
Jerry L. Gunter, OBA #17041
Attorney for Debtor in Possession
2448 East 81st Street, Ste 5900
Tulsa, Oklahoma 74137-4259
Ph: (918) 494-6868
Fx: (918) 491-6297
jgunter@wintersking.com
