UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

In re:                                              )
                                                    )
**SANCTUARY EVANGELISTIC CHURCH,**  ) Case No. **12-12616-M**
**INC.**                                            )
_____  )
                                                    )
                                                    )

## UNITED STATES TRUSTEE'S OBJECTION TO

## DISCLOSURE STATEMENT AND CONFIRMATION OF PLAN

Richard A. Wieland, the United States Trustee for Region 20, (the "U.S. Trustee"), by and through the undersigned, in furtherance of the administrative responsibilities imposed pursuant to 28 U.S.C. § 586(a), objects to the final approval of debtor's Disclosure Statement, and further, to confirmation of debtor's Plan of Reorganization. In support thereof, the U.S. Trustee represents as follows:

1. On, September 24, 2012, Sanctuary Evangelistic Church, Inc. ("Debtors") filed a voluntary petition under Chapter 11 of the Bankruptcy Code. The debtor is a religious institution and has been acting as a Debtor in Possession since that time. Its efforts in this reorganization are to save its building which has been foreclosed by the secured creditor.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157.

3. Section $1124^{1}$ provides a statutory definition for impairment of claims or interests. Specifically, when a creditor's claim treatment is different from the contractual terms

---

[1] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (West 2013)

Page 1

between the debtor and creditor by the debtor's proposed plan, the claim or interest has been altered. Section 1123(a)(1) and (2) requires all claims to be classified, and a reorganization plan must identify claims that are "impaired" along with the proposed treatment. This will determine a creditor's right to vote under Section 1126, or if the creditor is not impaired, no vote is necessary. If a creditor received incorrect information, the standards required by Section 1125 that "adequate information" be provided to creditors to enable them to make an informed judgment about the plan and the treatment of the claim cannot be met.[2]

4.  Debtor states in its Disclosure Statement, *Section* C., part 3., "Classes of General Unsecured Claims", that class 3 is "unimpaired", yet provides a pro rata sixty [60] month pay-out for 100%, without any interest. Class 5 is correctly identified as unimpaired, and is provided a full cash payment at confirmation. The Disclosure Statement provides specific information to the creditors on Confirmation Requirements and Procedures.[3]

5.  The Disclosure Statement provides misleading information to the "impaired unsecured creditors". The statements contained in the Disclosure Statement do not provide them with adequate information with which to determine their legal rights. Whether or not creditors were misled about their rights to vote, based upon the classification of "unimpaired" is unknown.

6.  If the Disclosure Statement is found on final consideration to contain adequate information, another significant hurdle the debtor in possession must overcome is to propose a plan that is feasible. While the case has struggled with delinquent financial reports, as of today, all have been filed, yet the financial picture is bleak and it does not appear the plan is feasible.

---

[2] For general discussion of factors to evaluate the adequacy of disclosure statement, see *in re Metrocraft Publishing Services, INC.,* 39 B.R. 567, (Bankr.N.D. Ga 1984). For recent discussion of confirmation standards by Judge David Thuma, *see also In re Deming Hospitality, LLC, 2013 WL 1397458 (Bkrtcy.D.N.M.)*
[3] First Amended Disclosure Statement, filed 2/15/13, Dkt. 51, Section IV, p. 14-15.

7. While the debtor has accumulated some cash ($18,539.73 as of 3/29/13) this is not sufficient to meet the cash requirements of the Plan:

- administrative expense claims (estimated to be $15,000 for professional fees plus statutory fees of the Unites States Trustee)

- Class One, one-time payment of $4,969.74

- Class 4 administrative convenience claims of not more than $3,000 [referred to as Class 5 in Disclosure Statement, p.11 of 45] of which there are three claims allowed which total $6,048.79

8. The March Monthly Operating Report compares Projected income to Actual income, and there is a negative difference of ($7,469.70). The Liquidation analysis included in the Disclosure Statement concludes all creditors would receive 100% in a chapter 7 liquidation.

**WHEREFORE**, the U.S. Trustee respectfully requests that this Court enter an Order denying approval of the Disclosure Statement and Confirmation of the Plan of Reorganization, granting the U.S. Trustee's Motion to Convert or Dismiss the case and further relief as is just and proper.

Dated:  April 24, 2013

                RICHARD A. WIELAND
                United States Trustee

BY:   /s/ Katherine Vance

       Katherine Vance, OBA #9175
       Assistant U. S. Trustee
       Paul R. Thomas, OBA #11546
       Trial Attorney
       224 South Boulder, Suite 225
       Tulsa, OK 74103
       (918)581-6671 phone (918)581-6674 fax

## CERTIFICATE OF SERVICE

      I hereby certify that on April 24, 2013, a true and correct copy of the Objection to Disclosure Statement and Confirmation of Plan was electronically filed with the Court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

                                                  s/ Katherine Vance
                                            Katherine Vance OBA 9165