UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

In re:                                             )
                                                   )
**SANCTUARY EVANGELISTIC CHURCH,**  ) Case No.  12-12616-M
**INC.**                                           ) Chapter 11
_____ )
                                                   )
                                                   )

**"AMENDED"**
**UNITED STATES TRUSTEE'S OBJECTION TO**
**DISCLOSURE STATEMENT AND CONFIRMATION OF PLAN**

Richard A. Wieland, the United States Trustee for Region 20, (the "U.S. Trustee"), by and through the undersigned, in furtherance of the administrative responsibilities imposed pursuant to 28 U.S.C. § 586(a), objects to the final approval of debtor's "Second" Amended Disclosure Statement filed March 8, 2013, and further, objects to confirmation of debtor's "Third" Amended Plan of Reorganization.  In support thereof, the U.S. Trustee represents as follows:

1. On, September 24, 2012, Sanctuary Evangelistic Church, Inc. ("Debtors") filed a voluntary petition under Chapter 11 of the Bankruptcy Code.  The debtor is a religious institution and has been acting as a Debtor in Possession since that time.  Its efforts in this reorganization are to save its building which has been foreclosed by the secured creditor.  The U.S. Trustee has filed a Motion to Convert or Dismiss, and acknowledges the Debtor's objection to conversion, and no longer seeks conversion of this case, but continues to pursue dismissal.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157.

3. Section 1124[1] provides a statutory definition for impairment of claims or interests. Specifically, when a creditor's claim treatment is different from the contractual terms between the debtor and creditor by the debtor's proposed plan, the claim or interest has been altered. Section 1123(a)(1) and (2) requires all claims to be classified, and a reorganization plan must identify claims that are "impaired" along with the proposed treatment. This will determine a creditor's right to vote under Section 1126, or if the creditor is not impaired, no vote is necessary. If a creditor received incorrect information, the standards required by Section 1125 that "adequate information" be provided to creditors to enable them to make an informed judgment about the plan and the treatment of the claim cannot be met.[2]

4. Debtor states in its Disclosure Statement, *Section III, C., 3., "Classes of General Unsecured Claims"*, that class 3 is "unimpaired", yet provides a pro rata sixty [60] month payout for 100%, without any interest. The amount of this class is described as $35,229.89. Class 4 is correctly identified as unimpaired, and is provided a full cash payment at confirmation, for claims allowed at $3,000. The Disclosure Statement provides specific information to the creditors on Confirmation Requirements and Procedures but contradicts the Plan treatment when it refers to the Classes 1 through 4 as impaired and thus entitled to vote.[3]

5. The Disclosure Statement provides misleading information to the "impaired unsecured creditors". The statements contained in the Disclosure Statement do not provide them

---

[1] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (West 2013)

[2] For general discussion of factors to evaluate the adequacy of disclosure statement, see *in re Metrocraft Publishing Services, INC.,* 39 B.R. 567, (Bankr.N.D. Ga 1984). For recent discussion of confirmation standards by Judge David Thuma, *see also In re Deming Hospitality, LLC, 2013 WL 1397458 (Bkrtcy.D.N.M.)*

[3] Second Amended Disclosure Statement, filed 3/8/13, Dkt. 59, Section IV, p. 14-15.

with adequate information with which to determine their legal rights. Whether or not creditors were misled about their rights to vote, based upon the classification of "unimpaired" is unknown.

6. If the Disclosure Statement is found on final consideration to contain adequate information, another significant hurdle the debtor in possession must overcome is to propose a plan that is feasible. While the case has struggled with delinquent financial reports, as of today, all have been filed, yet the financial picture is bleak and it does not appear the plan is feasible. The U.S. Trustee objects to confirmation based upon this lack of feasibility.

7. While the debtor has accumulated some cash ($18,539.73 as of 3/29/13) this is not sufficient to meet the cash requirements of the Plan on the effective date of $24,633.89, as follows:

- administrative expense claims (estimated to be $15,000 for professional fees plus statutory fees of the Unites States Trustee)
- Class 4 administrative convenience claims of not more than $3,000 of which there are three claims allowed which total $6,048.79
- Initial plan payments to classes for a total of $3,585.10: Class 1, $96.66; Class 2, $2,901.34; and Class 3, $587.10

8. The March Monthly Operating Report compares Projected income to Actual income, and there is a negative difference of ($7,469.70). The Liquidation analysis included in the Disclosure Statement concludes all creditors would receive 100% in a chapter 7 liquidation however this case cannot be converted without the consent of the Debtor.

**WHEREFORE**, the U.S. Trustee respectfully requests that this Court enter an Order denying approval of the Second Amended Disclosure Statement, denying confirmation of the

Third Amended Plan of Reorganization, and thereafter enter an Order granting the U.S. Trustee's

Motion to Dismiss the case, and any further relief as is just and proper.

    Dated:  April 24, 2013

                         RICHARD A. WIELAND
                         UNITED STATES TRUSTEE

        BY:    /s/ Katherine Vance
                   Katherine Vance, OBA #9175
                   Assistant U. S. Trustee
                   Paul R. Thomas, OBA #11546
                   Trial Attorney
                   224 South Boulder, Suite 225
                   Tulsa, OK 74103
                   (918)581-6671 phone (918)581-6674 fax

## CERTIFICATE OF SERVICE

    I hereby certify that on April 24, 2013, a true and correct copy of the Objection to Disclosure Statement and Confirmation of Plan was electronically filed with the Court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

                                              s/ Katherine Vance
                                     Katherine Vance OBA 9165