**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OKLAHOMA**
**TULSA DIVISION**

Filed/Docketed
May 20, 2013

| | |
|---|---|
| IN RE: | ) |
| | ) |
| **Sanctuary Evangelistic Church, Inc.,** | )   **Case No.   12-12616-M** |
| | )   **Chapter 11** |
| | ) |
| **DEBTOR.** | ) |

<u>**ORDER CONFIRMING DEBTOR'S**</u>
<u>**THIRD AMENDED PLAN OF REORGANIZATION**</u>

On April 30, 2013, a confirmation hearing was held on the "Third Amended Plan of Reorganization for Sanctuary Evangelistic Church, Inc." filed on March 8, 2013 by Sanctuary Evangelistic Church, Inc. (Debtor) as amended by the "Amendment to Third Amended Plan of Reorganization for Sanctuary Evangelistic Church, Inc. filed on April 24, 2013,   and as modified in the Modification to Third Amended Plan of Reorganization filed on April 29, 2013, granted in part with the modification of the Class 1 Creditor, American Heritage Bank being withdrawn at the confirmation hearing on April 30, 2013 (the "Plan").   Capitalized terms used herein but not defined shall have the meaning set forth in the Plan.   Upon review of the Plan and after considering the evidence and arguments of counsel, the Court finds as follows:

1.      The Plan has been transmitted to creditors as required by the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.   No additional notices or disclosures are required and the Court finds that notice of the confirmation hearing is just and proper.

2.      The requirements for confirmation of a Chapter 11 plan of reorganization set forth in 11 U.S.C. § 1129 have been satisfied by the Plan and Debtor.

3.      This matter is a core proceeding.

4,      The Plan does not discriminate unfairly, and is fair and equitable, with respect to

each class of claims or interests that is impaired under the Plan.

5.      Debtor has established each of the requirements of Section 1129 of the Bankruptcy Code necessary for confirmation of a Chapter 11 plan of reorganization.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that:

A.      The Court incorporates by reference herein the findings of fact and conclusions of law dictated into the record at the hearing held on April 30, 2013.

B.      The objection of the United States Trustee and the objection of BOKF, NA are withdrawn and there are no other objections.

C.      The Plan is confirmed in all respects.   A copy of the Plan is attached hereto.

D.      The provisions of the Plan bind Debtor and any creditor, whether or not the claim or interest of such creditor is impaired under the Plan and whether or not such creditors has accepted the Plan.   All holders of Claims and Interests are hereby enjoined and restrained from attempting to satisfy any Claims against, or Interests in, Debtor and Reorganized Debtor or their property outside the restraints of the Plan.

E.      Except as otherwise provided in the Plan or this Order, after confirmation of the Plan, the property dealt with by the Plan is free and clear of all claims and interests of holders of Claims and Interests.   On the Effective Date, the vested assets shall vest in Reorganized Debtor free and clear of all liens, claims, interests and encumbrances.

F.      Debtor is hereby authorized to execute any and all papers and take any other steps or actions necessary to carry out and satisfy its obligations under the Plan.

G.      Debtor shall be responsible for the timely payment of disbursement fees incurred pursuant to 28 U.S. C. § 1930(a)(6).   After confirmation, and until Debtor's bankruptcy case is closed by the Court, the Debtor shall file with the Court and serve on the United States Trustee

such financial reports as required by the United States Trustee.

H.     The Amendment to Third Amended Plan of Reorganization for Sanctuary Evangelistic Church, Inc. filed on April 24, 2013 and the Modification to Third Amended Plan of Reorganization filed on April 29, 2013,  granted in part, with the modification of the Class 1 Creditor, American Heritage Bank being orally withdrawn at the confirmation hearing on April 30, 2013, do not violate the provisions of 11 U.S.C. §§ or 1123.   The amendment and modification are allowed modifications pursuant to 11 U.S.C. § 1127 and Bankruptcy Rule 3019.

I.     The Debtor was allowed to orally withdraw the modification to Class 1, American Heritage Bank, as described in the Modification to Third Amended Plan of Reorganization filed on April 29, 2013, at the confirmation hearing.

Dated this 20th day of May, 2013.

BY THE COURT:

TERRENCE L. MICHAEL, CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT

Order Submitted By:

Jerry L. Gunter, OBA # 17041
WINTERS & KING, INC
2448 East 81st Street, Ste 5900
Tulsa, OK 74137-4259
Ph: 918- 494-6868
Fx: 918-491-6297
jgunter@wintersking.com

3

# IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OKLAHOMA
### TULSA DIVISION

IN RE:                                      )
Sanctuary Evangelistic Church, Inc.         )      Case No.   12-12616-M
                                            )      Chapter 11
                                            )
**DEBTORS**                                 )

## MODIFICATION TO THIRD AMENDED PLAN OF REORGANIZATION

COMES NOW, Sanctuary Evangelistic Church, Inc., Debtor and Debtor in Possession, by and through it's attorney of record, Jerry L. Gunter, and hereby submits a modification to its Third Amended Plan of Reorganization filed on 3/8/2013, dkt. no. 58 and scheduled for a confirmation hearing on April 30, 2013. Debtor requests that the Court consider the following modifications to the Third Amended Plan of Reorganization at the Confirmation Hearing:

1.      Section 4.01 of the Plan shall be amended to read as follows:

**4.01   Class 1-American Heritage Bank.** The Class 1 claim is impaired. The American Heritage Bank claim was paid $3,596.98 during the pendency of this case. The remainder of the claim shall be paid in 2 equal installments of $686.38 beginning on the effective date of the plan. The interest rate is fixed at 6.25% and all other, not inconsistent, terms of the subject note and other loan documents continuing to apply.

2.      Section 4.02 of the Plan shall be amended to read as follows:

**4.02   Class 2-BOKF, NA.** The Class 2 claim is impaired. The BOKF, NA claim will be paid in the amount equal to all principal owed to BOKF, NA, plus accrued interest through the Effective Date in the total amount of $269,174.10, plus all reasonable costs and fees. Debtor hereby stipulates and agrees, subject to approval of the Bankruptcy Court, that the total sum of $1,400.30 in court costs and the sum of $13,933.00 for attorney fees constitute reasonable costs and fees owed to BOKF, NA pursuant to the loan documents and applicable law. The total sum of $284,507.40 (as may be adjusted in respect of fees and costs by order of the Bankruptcy Court) shall be paid according to a 3 year term at 6.25% fixed interest amortized over a 10 year term with a balloon payment at the end of 3 years. The monthly payment shall be $3,194.45. BOKF, NA was awarded Final Judgment and Decree of Foreclosure on August 2, 2012 in the State of Oklahoma, Tulsa County, case no. CJ 2011-7572 (the "Judgment") which judgment shall remain in full force and effect and which shall not be disturbed in any manner by this Plan, provided, however, that a stay of execution of said Judgment shall be in effect unless and until the Debtor shall default under the terms of this Plan. The Plan hereby incorporates all of the covenants and agreements of the underlying loan documents between Debtor and BOKF, NA (the "Loan Documents") except as explicitly modified hereby in terms of payment, and without merger into the Judgment. If Debtor defaults on the payments as provided

in this Plan, or an Event of Default (as defined in the Loan Documents provided, however, that the filing of this case shall not be deemed an Event of Default)shall occur, then BOKF, NA may immediately exercise its right to continue with the foreclosure pursuant to the Judgment in such manner as may be allowed by applicable law, including but not limited to seeking a special execution and order of sale issued by the Court Clerk of the District Court of Tulsa County in respect of the above referenced Judgment, and a Sheriff's sale conducted pursuant to said Judgment and Oklahoma law and all indebtedness owed to BOK be collected for the benefit of BOK pursuant to said sale proceedings and Oklahoma law.

3.      The modification does not substantively affect any of the parties except by such party's consent thereto.

Dated this 29th day of April, 2013.

Respectfully submitted,

_/s/Jerry      L. Gunter_____
Jerry L. Gunter, OBA # 17041
WINTERS & KING, INC
 2448 East 81st Street, Ste 5900
Tulsa, OK 74137-4259
Ph:     (918) 494-6868
Fx:     (918) 491-6297
jgunter@wintersking.com

**CERTIFICATE OF MAILING**

   I, Jerry L. Gunter, hereby certify that on the date this pleading was filed with the Court, a true and correct copy was electronically mailed to the party or parties indicated on the attached electronic notice.

 _/s/Jerry L. Gunter_
Jerry L. Gunter

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHOMA
TULSA DIVISION

IN RE:                                     )
                                           )
Sanctuary Evangelistic Church, Inc.        )      No.   12-12616
                                           )      Chapter 11 Small Business Case
                                           )
**DEBTOR**                                 )

SANCTUARY EVANGELISTIC CHURCH, INC.'S
THIRD AMENDED PLAN OF REORGANIZATION, DATED 3/8/2013

ARTICLE I
SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Sanctuary Evangelistic Church, Inc., (the "Debtor") from cash on hand and cash flow from future income.

This plan provides for   2   classes of secured claims;   2   class of unsecured claims; Unsecured creditors holding allowed claims will receive distribution of $35,229.89.   This Plan also provides for the payment of administrative and priority claims.

All creditors should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim.   A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holder has been circulated with this Plan.

**Your rights may be affected.   You should read these papers carefully and discuss them with your attorney, if you have one.   (If you do not have an attorney, you may wish to consult one.)**

ARTICLE II
CLASSIFICATION OF CLAIMS AND INTERESTS

| | | |
|---|---|---|
| 2.01 | Class 1. | The claim of American Heritage Bank, to the extent allowed as a secured claim under § 506 of the Code. |
| 2.02 | Class 2. | The claim of BOKF NA, to the extent allowed as a secured claim under § 506 of the Code. |
| 2.03 | Class 3. | Unsecured claims. |
| 2.04 | Class 4 | Administrative Convenience Claims. . |

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS,
## U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01 <u>Unclassified Claims</u>.   Under section § 1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.02 <u>Administrative Expense Claims</u>.   Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03 <u>Priority Tax Claims</u>.   Each holder of a priority tax claim will be paid its allowed claim in full on the effective date.

3.04 <u>United States Trustee Fees</u>.   All fees required to be paid by 28 U.S.C. § 1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.   Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01   Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - Secured claim of American Heritage Bank Allowed Secured Claim = $4,969.74 | Impaired | Loan to be restructured as follows, interest rate is fixed at 6.25, with all other, not inconsistent, terms of the subject note and other loan documents continuing to apply: Monthly payment $96.66 Payments begin = Pmts Begin= Effective Date Pmts End= Five years from Effective Date. Fixed interest rate = 6.25% |

| Class 2 - Secured claim of BOKF NA<br><br>Allowed Secured Claim =<br><br>$264,312.53 | Impaired | Loan to be restructured as follows, interest rate is fixed at 5.750, with all other, not inconsistent, terms of the subject note and other loan documents continuing to apply:<br>Monthly Pmt = $2,901.34<br>Pmts Begin = Pmts Begin= Effective Date<br>Pmts End= Ten years from Effective Date.<br>Interest rate % = 5.750%<br>Treatment of<br>Lien =<br>Retained until all obligations secured by the subject mortgage and security interest is satisfied. |
|---|---|---|

| Class 3 - Unsecured Creditors | Unimpaired | To be paid pro rata portion of $35,229.89<br>Monthly Pmt = $587.10<br>Pmts Begin Effective Date<br>Pmts End= Five years from Effective Date.<br>Estimated percent = 100% of claims paid. |
|---|---|---|

| Class 4 - Administrative Convenience Class | Unimpaired | Claims Allowed at $3,000.00 shall be paid in full in cash on the Effective Date, but no more than $3,000.00 |
|---|---|---|

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01    Disputed Claim.    A disputed claim is a claim that has not been allowed or disallowed, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof

of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

     5.02   <u>Delay of Distribution on a Disputed Claim</u>.  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

     5.03   <u>Settlement of Disputed Claims</u>.  The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

     6.01   <u>Assumed Executory Contracts and Unexpired Leases</u>.

     (a)    The Debtor assumes the following executory contracts and/or unexpired leases effective upon the effective date of this Plan as provided in Article VII:

| Party | Description of Contract | Election |
|-------|------------------------|----------|
| Delta Dental | Dental Insurance | Assumed |
| Farmers Insurance | Insurance | Assumed |
| GMP Life Insurance Co. | Life Insurance | Assumed |
| GuideOne Insurance | Umbrella and Building Insurance. | Assumed |
| Modern Woodmen of America | Life Insurahce Plicy | Assumed |
| Progressive Northern Insurance Co. | Automobile Insurance | Assumed |
| United Healthcare | Health Insurance | Assumed |

     (b)    The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the Effective Date.

| Party | Description of Contract | Election |
|-------|------------------------|----------|

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

     Distributions and payments under and pursuant to the Plan will be funded from the following sources:  (i) the Debtor's accumulated cash, and (ii) the Debtor's post-confirmation income from future income.

## ARTICLE VIII
## <u>GENERAL PROVISIONS</u>

8.01    <u>Definitions and Rules of Construction</u>.   The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

8.02    <u>Effective Date of Plan</u>. The Effective Date of this Plan shall be 20 days after the date of docketing of the Order Confirming plan.   If, however, an appellate stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay of the confirmation order expires or is otherwise terminated.

8.03    <u>Severability</u>.  If any provision of this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceabililty and operative effect on any other provision of this Plan.

8.04    <u>Binding Effect</u>.   The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05    <u>Captions</u>.   The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06    <u>Controlling Effect.</u>   Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Oklahoma govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided for in this Plan.

8.07    <u>Post-Confirmation Professional Fees</u>         Fees   and   expenses   of professional persons employed by the Debtor or the Plan Trustee subsequent to Confirmation shall not be subject to application to and approval of the Bankruptcy Court.

## ARTICLE IX
## <u>DISCHARGE</u>

9.01    <u>Discharge.</u>  On the confirmation date of this Plan, the debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in § 114a(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind

Case 11-12856-M Document 780 Filed in USBC ND/OK on 05/20/13 Page 11 of 14

specified in § 1141(d)(6)(B).

Dated on February 15, 2013.

Respectfully submitted,

 /s/Jerry L. Gunter
Jerry L. Gunter, OBA #17041
Attorney for Debtor in
Possession
2448 East 81st Street, Ste 5900
Tulsa, Oklahoma 74137-4259
Ph: (918) 494-6868
Fx: (918) 491-6297
jgunter@wintersking.com

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OKLAHOMA
## TULSA DIVISION

IN RE:                                   )
Sanctuary Evangelistic Church, Inc.      )     Case No.  12-12616-M
                                         )     Chapter 11
                                         )
**DEBTORS**                              )

### AMENDMENT TO THIRD AMENDED PLAN OF REORGANIZATION

COMES NOW, Sanctuary Evangelistic Church, Inc., Debtor and Debtor in Possession, by and through it's attorney of record, Jerry L. Gunter, and hereby submits an amendment to its Third Amended Plan of Reorganization filed on 3/8/2013, dkt. no. 58 and scheduled for a confirmation hearing on April 30, 2013.  Debtor requests that the Court consider the following amendment to the Third Amended Plan of Reorganization at the Confirmation Hearing:

1.     The Third Amended Plan erroneously stated that the Class 3 Creditors, the unsecured creditors, were an unimpaired class when in fact they are an impaired class being paid 100% over 60 months.

2.     The Third Amended Plan should be amended to read that the Class 3 Creditors are Impaired and not as Unimpaired.

3.     The amendment does not substantively affect any of the parties.

Respectfully submitted,

 /s/Jerry L. Gunter
Jerry L. Gunter, OBA # 17041
WINTERS & KING, INC
2448 East 81st Street, Ste 5900
Tulsa, OK 74137-4259
Ph: (918) 494-6868
Fx: (918) 491-6297
jgunter@wintersking.com

### CERTIFICATE OF MAILING

 I, Jerry L. Gunter, hereby certify that on the date this pleading was filed with the Court, a true and correct copy was electronically mailed to the party or parties indicated on the attached electronic notice and mailed by first class mail, prepaid to the official mailing matrix.

 /s/Jerry L. Gunter
Jerry L. Gunter

Label Matrix for local noticing
1085-4
Case 12-12616-M
Northern District of Oklahoma
Tulsa
Wed Apr 24 16:50:29 CDT 2013

Alvantage, LLC
c/o Casey Montray
4724 S. Detroit Ave
Tulsa, OK 74105-4424

American Heritage Bank
PO Box 419
Beggs, OK 74421-0419

American Heritage Bank
c/o Sam T. Allen, IV
PO Box 230
Sapulpa, Ok 74067-0230

BOKF NA
PO Box 35688
Tulsa, OK 74153-0688

BOKF, N.A. c/o kent E. Renfrow, Atty
8906 E. skelly Dr
Tulsa, Ok 74129-3400

CHIEF OFC OF SPEC LITIGATION
US Dept of Justice-Tax Div
P.O. Box 7238
Washington, DC 20044-7238

Jerry L. Gunter
Winters, King & Associates
2448 East 81st Street, Suite 5900
Tulsa, OK 74137-4259

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Kent Renfrow
8906 East Skelly Drive
Tulsa, OK 74129-3400

McDaniel Acord, PLLC
320 S. Boston, Ste. 700
Tulsa, OK 74103-3716

Terrence L. Michael
224 South Boulder Ave
Tulsa, OK 74103-3006

Office of the United States Trustee
224 South Boulder Avenue
Suite 225
Tulsa, OK 74103-3026

Okla Empl. Sec. Comm.
P.O. Box 53039
Oklahoma City, OK 73152-3039

Oklahoma Empl. Sec. Comm.
PO Box 53039
Oklahoma City, OK 73152-3039

Oklahoma Natural Gas
PO Box 21019
Tulsa, Ok 74121-1019

Oklahoma Tax Commission
120 N. Robinson - Suite 2000W
Oklahoma City, OK 73102-7801

Shanann Passley
Eller and Detrich
2727 E. 21st Street, Suite 200
Tulsa, OK 74114-3533

Kent E. Renfrow
8906 East Skelly Drive
Tulsa, OK 74129-3400

S & J. Contractors, Inc.
309 N. Hickory Ave.
Tulsa, OK

Sanctuary Evangelistic Church, Inc.
PO Box 1737
Tulsa, OK 74101-1737

Second Image, Inc.
1867 N 105th E Ave
Tulsa, OK 74116-1513

Terrye Townes
244 East Oklahoma Pl.
Tulsa, OK 74106

Tulsa County Treasurer
500 S. Denver
Tulsa, OK 74103-3840

U.S. Attorney
110 West Seventh Street
Suite 300
Tulsa, OK 74119-1013

US SEC & EXCHANGE COMM.
Midwest Regional Office
175 W. Jackson Boulevard, Ste 900
Chicago, IL 60604-2815

US Security & Exchange Comm.
175 W. Jackson Boulevard
Suite 900
Chicago, IL 60604-2908

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)BOKF, N.A.                         (u)BOKF, N.A. c/o Kent E. Renfrow, Atty                    (u)Indian Health Care Resource Center of Tuls
C/O KENT E. RENFROW,


End of Label Matrix
Mailable recipients      26
Bypassed recipients       3
Total                    29